ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, State Bar No. 344239
M. ELAINE MECKENSTOCK, State Bar No. 268861
SARAH M. PFANDER, State Bar No. 347902
MARGARET TIDES, State Bar No. 311177
CAITLAN MCLOON, State Bar No. 302798
Deputy Attorney General
  300 South Spring Street, Suite 1702
  Los Angeles, CA  90013-1230
  Telephone:  (213) 269-6438
  Fax: (916) 731-2128
  E-mail:  Caitlan.McLoon@doj.ca.gov
*Attorneys for Defendants California Air
Resources Board and Steven S. Cliff, in his
capacity as the Executive Officer of the
California Air Resources Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF TRANSPORTATION,**<br><br>Plaintiffs,<br><br>v.<br><br>**CALIFORNIA AIR RESOURCES BOARD and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,**<br><br>Defendants. | 2:26-cv-00847-DJC-SCR<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Date: August 27, 2026<br>Time: 1:30 p.m.<br>Dept: 7<br>Judge: The Honorable Daniel J. Calabretta<br><br>Trial Date: TBD<br>Action Filed: 3/12/2026 |

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS FAC
(2:26-cv-00847-DJC-SCR)

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendants California Air Resources Board (CARB), and Steven S. Cliff, in his official capacity as Executive Officer of CARB respectfully request the Court take judicial notice of the following statements and documents:

1. The existence and contents of a declaration signed under penalty of perjury by United States Environmental Protection Agency (EPA) Assistant Administrator Aaron Szabo, on April 20, 2026, and submitted to the record in *Daimler Truck North America LLC, et al. v. California Air Resources Board, et al.*, Case No. 2:25-cv-02255 (E.D. Cal. filed Aug. 11, 2025), in which the declarant states that "[i]t is public knowledge that manufacturers are currently selling model year 2026 vehicles and will transition to selling model year 2027 vehicles in the second half of the year."  A true and correct copy of the Szabo Declaration is attached hereto as **Exhibit A**.

2. The existence and contents of a press release from EPA titled *EPA Fulfills Statutory Obligation by Transmitting Four California Waiver Rules to Congress* (June 12, 2026).  A true and correct copy of this press release is attached hereto as **Exhibit B**, and is publicly available on EPA's website at https://www.epa.gov/newsreleases/epa-fulfills-statutory-obligation-transmitting-four-california-waiver-rules-congress (last visited on July 7, 2026).

3. The existence and contents of CARB's Annual ZEV Credits Disclosure Dashboard, which provides data concerning the "Status of Manufacturer Compliance with the Zero-emission Vehicle Regulation," demonstrating that manufacturers were at 100% compliance with the annual ZEV sales requirement, and fleetwide ending year credit balances far exceeded the annual ZEV sales requirement in model year 2024.  A true and correct screenshot of the "Trends" tab on the Dashboard as of July 7, 2026, is attached hereto as **Exhibit C**, and is publicly available on CARB's website at https://ww2.arb.ca.gov/applications/annual-zev-credits-disclosure-dashboard (last visited on July 7, 2026).

4.     The existence and contents of data available on CARB's Annual ZEV Credits Disclosure Dashboard, demonstrating that all manufacturers subject to the ACC I ZEV standard, including manufacturers that do not make ZEVs, have available credits to purchase for compliance with the sales requirement up to model year 2024.  A true and correct download of the "Balances" data available on the "Data" tab on July 7, 2026, is attached hereto as **Exhibit D**, and is publicly available on CARB's website at https://ww2.arb.ca.gov/applications/annual-zev-credits-disclosure-dashboard, last visited on July 7, 2026.

5.     The existence and contents of Framework Agreements entered in 2020 between CARB and five major automakers (BMW, Ford, Honda, Volvo, and Volkswagen), as cited in Plaintiffs' First Amended Complaint, at ¶ 59, n.10.  A true and correct copy of the Framework Agreements are attached hereto as **Exhibit E**, and are publicly available on CARB's website at https://ww2.arb.ca.gov/sites/default/files/2020-08/clean-car-framework-documents-all-bmw-ford-honda-volvo-vw.pdf (last visited on July 7, 2026).

6.     The existence and contents of an Agreements entered in 2024 between CARB and Stellantis, as cited in Plaintiffs' First Amended Complaint at ¶ 59, n.10.  A true and correct copy of the Stellantis Agreement is attached hereto as **Exhibit F**, and is publicly available on CARB's website at https://ww2.arb.ca.gov/sites/default/files/2024-03/CARB-Stellantis_Settlement%20Agreement_FINAL_Signed_Public.pdf (last visited on July 7, 2026).

7.     The existence and contents of Manufacturers Advisory Correspondence ECCD-2025-08 issued by CARB on August 25, 2025, as cited in Plaintiffs' First Amended Complaint at ¶ 61.  A true and correct copy of this August MAC is attached hereto as **Exhibit G**, and is publicly available on CARB's website at https://ww2.arb.ca.gov/sites/default/files/2025-08/MAC%20ECCD-2025-08.pdf (last visited on July 7, 2026).

8.    The existence and contents of Governor Newsom's June 12, 2025 Executive Order N-27-25, as cited in Plaintiffs' First Amended Complaint at ¶ 68.  A true and correct copy of N-27-25 is attached hereto as **Exhibit H**, and is publicly available on the Governor's website at https://www.gov.ca.gov/wp-content/uploads/2025/06/CRA-Response-EO-N-27-25_-bl-formatted-GGN-Signed-6-11-954pmFinal.pdf (last visited on July 7, 2026).

The existence and contents of Exhibit A are the proper subject of judicial notice because the document was filed in a judicial or administrative proceeding, *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir.1992), and is a document in the public record, *see Mack v. S. Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986).  The fact that the United States filed this declaration and the fact that the United States made the relevant statements are "not subject to reasonable dispute" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed R. Evid. 201(a).

The existence and contents of Exhibits B through H are the proper subject of judicial notice because the documents are publicly available on government websites and the facts for which they are relied upon here can be accurately and readily determined from these sources whose accuracy cannot reasonably be questioned. *See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-99 (9th Cir. 2010) (stating that it was "appropriate to take judicial notice" of information "made publicly available by government entities" on their websites where "neither party disputes the authenticity of the websites or the accuracy of the information displayed therein"); *Martinez v. Mead Johnson & Co.*, No. 5:22-cv-00213-JWH-SHK, 2022 WL 15053334, at *4 (C.D. Cal. Oct. 22, 2022) (finding that FDA guidance was judicially noticeable because it was "publicly available and it was disseminated by a government agency"); *Hansen Beverage Co. v. Innovation Ventures, LLC*, No. 08-CV-1166-IEG (POR), 2009 WL 6597891, at *2 (S.D. Cal. Dec. 23, 2009) ("Information on government agency

websites has often been treated as properly subject to judicial notice."). Public records and reports are admissible under Federal Rule of Evidence 803(8).

A court need not accept as true allegations that "contradict matters properly subject to judicial notice," *Gonzalez v. Planned Parenthood of Los Angeles*, 759 F.3d 1112, 1115 (9th Cir. 2014). And this court may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

Dated:  July 7, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

*/s/ Caitlan McLoon*

CAITLAN MCLOON
Deputy Attorney General
*Attorneys for Defendants California Air Resources Board and Steven S. Cliff, in his capacity as the Executive Officer of the California Air Resources Board*

LA2026400455
68568963

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO DEFENDANTS' MOTION TO DISMISS FAC
(2:26-cv-00847-DJC-SCR)

## CERTIFICATE OF SERVICE

Case Name:     **United States of America, et al. v. California Air Resources Board, et al.**

Case No.:       **2:26-cv-00847-DJC-SCR**

I hereby certify that on <u>July 7, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on <u>July 7, 2026</u>, at Los Angeles, California.

| | |
|---|---|
| Beatriz Davalos | */s/ Beatriz Davalos* |
| Declarant | Signature |

LA2026400455
68345863