ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
CAITLAN MCLOON, State Bar No. 302798
M. ELAINE MECKENSTOCK, State Bar No. 268861
SARAH M. PFANDER, State Bar No. 347902
Deputy Attorneys General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6621
E-mail: Sarah.Pfander@doj.ca.gov
*Attorneys for Defendants California Air Resources Board and Steven S. Cliff, in his capacity as the Executive Officer of the California Air Resources Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF TRANSPORTATION,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**CALIFORNIA AIR RESOURCES BOARD and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,**<br><br>Defendants. | 2:26-cv-00847-DJC-SCR<br><br>**DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO DEFER PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT BY STAYING ALL SUMMARY JUDGMENT PROCEEDINGS, OR IN THE ALTERNATIVE, EXTENDING THE OPPOSITION DEADLINE TO 28 DAYS AFTER THE RESOLUTION OF THE MOTION TO DISMISS**<br><br>Judge: Hon. Daniel J. Calabretta<br><br>Trial Date: TBD<br>Action Filed: March 12, 2026 |

Under Local Rule 233, Defendants California Air Resources Board and its Executive Officer (collectively, CARB) respectfully request a deferral of briefing on the motion for summary judgment filed by plaintiffs, the United States and United States Department of Transportation (Plaintiffs) on August 12, 2026 (Dkt. 43), until after this Court has resolved CARB's pending motion to dismiss. Deferring the motion for summary judgment prevents unnecessary briefing on claims over which this Court has no jurisdiction, conserves judicial and party resources, and protects the parties' rights to conduct discovery in the event this Court does not dismiss Plaintiffs' claims. Deferral, so that resolution of the pending motion to dismiss, discovery, and *only then* a motion for summary judgment could proceed in due course, would in no way prejudice Plaintiffs. Plaintiffs have waited 14 years to raise these claims challenging vehicle emission standards that have already expired or plateaued, and can point to no present exigency. In the alternative, CARB asks that the deadline for it to oppose the motion for summary judgment be extended to 28 days after the motion to dismiss is resolved, so that any summary judgment proceedings move forward in a way that accounts for this Court's ruling on the motion to dismiss.

## I. BACKGROUND

Plaintiffs initiated the instant action on March 12, 2026, challenging aspects of California's Advanced Clean Cars I (ACC I) standards, enacted in 2012, as preempted under the Energy Policy and Conservation Act of 1975 (EPCA). Dkt. 1.

Plaintiffs voluntarily entered a series of stipulations that extended the timeline for responding to the pleadings and beginning discovery. On April 23, the Court granted a stipulation that extended CARB's deadline to respond to the Complaint by 28 days and extended the deadline for the parties to hold a Rule 26(f) conference until 30 days after CARB files an answer. Dkt. 12.

On May 26, CARB moved to dismiss, asserting that Plaintiffs lack standing. Dkt. 15. On the same day, the Court granted a stipulated briefing schedule that extended Plaintiffs' deadline to respond to CARB's motion to dismiss by 21 days and

also gave CARB more time for its reply brief. Dkt. 14. None of those stipulations contemplated a need for early summary judgment in this matter. Instead of meeting the stipulated deadline to respond to the motion to dismiss, Plaintiffs filed the First Amended Complaint, raising the same claims. Dkt. 27.

CARB renewed its motion to dismiss the action in its entirety, as the changes to the complaint did not change the bases for dismissal: the challenged ZEV standards of ACC I have terminated, and standards with no current effect do not inflict a redressable injury; and Plaintiffs failed to plead any concrete and cognizable injury arising from the GHG standards of ACC I. *See* Dkt. 35.

The parties stipulated to a 7-day extension of CARB's initial deadline to file its motion to dismiss. *See* Dkt. 31. Then, at Plaintiffs' request, the parties stipulated to a briefing schedule. On July 21, the Court granted the stipulation, providing Plaintiffs five weeks to oppose CARB's motion to dismiss. *See* Dkt. 39. Plaintiffs entered into this stipulation voluntarily, without mentioning a plan to file a concurrent motion for summary judgment, nor did they ask for a schedule that would accommodate briefing on parallel motions. Nevertheless, and with full knowledge of the fact that CARB is now preparing its reply in support of its motion to dismiss, Plaintiffs have moved for summary judgment, triggering a 14-day deadline to respond.

## II. Summary Judgment Briefing Should Be Deferred to Allow the Court to Resolve Whether Plaintiffs Have Standing to Bring This Lawsuit

Although the federal rules permit early motions for summary judgment, "judges from this Court and other courts have denied pre-answer and pre-discovery motions for summary judgment as premature." *Sheikhalizadehjahed v. Gaudiosi*, No. 2:24-cv-1136-SCR, 2024 WL 4505648, at *11 (E.D. Cal. Oct. 16, 2024) (quoting Fed. R. Civ. P. 56 Advisory Committee Notes and collecting cases). Denial or deferral is appropriate where, as here, the plaintiff's standing is being challenged. "The question of whether a party has standing is a threshold issue that must be addressed before turning to the merits of a case." *Matter of E. Coast Foods, Inc.*, 80 F.4th 901, 905 (9th Cir. 2023).

In this case, Plaintiffs have known since May that their standing was disputed. *See* Dkt. 15. And the second round of Rule 12 briefing is nearly done, with a hearing set for next month. Now, for the first time in this 5-month-old litigation over California's 14-year-old program, Plaintiffs seek to inject a host of merits issues into the mix before this Court's jurisdiction is resolved.

The decision in *Association of American Railroads v. Randolph*, No. 2:23-cv-1154 (E.D. Cal. filed June 16, 2023) (*AAR*) is instructive. There, as here, the plaintiffs moved for summary judgment in the middle of Rule 12 briefing. *See ARR*, Dkt. 20, 29. The court deferred summary judgment briefing until after it resolved the pending motion to dismiss in order to "facilitate streamlined summary judgment briefing." *ARR*, Dkt. 47. Other decisions are to the same effect. *E.g.*, *Cavanaugh v. County of San Diego*, No. 18-cv-2557-BEN-LL, 2020 WL 6561363, at *1 (S.D. Cal. Nov. 9, 2020); *Silva v. Midland Mortg.*, No. 5:21-cv-832-JWH-SHK, 2021 WL 4466168, at *2 (C.D. Cal. Sept. 23, 2021).

The "best course" here is to "resolv[e] the pleading issues first"—before any summary judgment motions—because that resolution "could … result in the dismissal of claims." *Waters v. Experian Info. Sols., Inc.*, No. 12-cv-308-AJB-RBB, 2012 WL 1965333, at *4 n.2 (S.D. Cal. May 31, 2012).

## III. DEFERRAL IS ALSO WARRANTED IN LIGHT OF THE NEED FOR EXPERT TESTIMONY AND THE PREJUDICE TO DEFENDANTS

If CARB must defend against summary judgment (and cross-move for summary judgment), CARB plans to elicit expert testimony, and it has already diligently begun identifying and retaining those individuals. These experts are necessary to address economic theory, the vehicle market, the effect of CARB's regulations on that market, the available emissions control technology, the effect of that technology on emissions, and the distinction between an effect on emissions and an effect on fuel economy.

The need for expert testimony is well established by prior cases that litigated the scope of EPCA preemption vis-à-vis vehicle emission standards. For example, in a

challenge to Vermont's light-duty GHG standards, adopted as identical to CARB's, the district court held a 16-day bench trial and heard the testimony of several experts, including technical evidence about the effects of the regulations on vehicle availability and consumer choice. *See Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, 508 F. Supp. 2d 295, 359–92 (D. Vt. 2007). Similarly, the district court in *Cent. Valley Chrysler-Jeep, Inc. v. Goldstene*, 529 F. Supp. 2d 1151, 1175 (E.D. Cal. 2007), considered party evidence on "air conditioning offsets, hybrid and plug-in hybrid credits, and up-stream carbon offsets for ethanol-gasoline blends" to assess any interplay between GHG emissions control and fuel economy.

Even if *Plaintiffs* characterize this action as "not resource intensive" or a "pure question of law,"[1] CARB is entitled to discovery and the development of expert declarations in defense of its regulations. With Plaintiffs' standing in longstanding dispute, CARB should not be required to invest in the resource-intensive work required to produce those declarations, and then use them in opposition to summary judgment—all while preparing a reply in support of a motion to dismiss and preparing for oral argument on that motion. *Cf. Immigrant Legal Res. Ctr. v. City of McFarland*, 472 F. Supp. 3d 779, 782 n.1 (E.D. Cal. 2020) ("frown[ing] upon" the timing of a motion that denied respondents time "to file a thoughtful opposition"); *Sw. Carpenters Pension Tr. v. Paramount Scaffold, Inc.*, No. 2:16-cv-6989, 2017 WL 8292773, at *2 (C.D. Cal. Nov. 21, 2017) (vacating summary judgment hearing to allow defendant "sufficient time to respond … while also drafting its own Reply"). Courts are hesitant to permit pre-discovery motions for summary judgment where these kinds of fact-intensive disputes warrant some time to conduct discovery. *Tetsuya v. Amazon.com, Inc.*, No. 11-cv-1210-HRL, 2011 WL 10632812, at *3 (N.D. Cal. Nov. 8, 2011) ("Plaintiff's motion for summary judgment is premature. This case is still at the pleading stage,

[1] Plaintiffs' characterization is divorced from reality. To prevail at summary judgment, Plaintiffs will have to substantiate the claims of injury made in the First Amended Complaint, and CARB has a right to test those claims through discovery.

and neither side has had an opportunity to engage in any discovery[, and] … it appears that just about every material fact in this litigation is disputed.”).

The Court should avoid the inefficiencies and the unwarranted burdens on party resources created by this premature motion for summary judgment by staying all summary judgment proceedings until after the resolution of the motion to dismiss.

## IV. There Are No Exigencies That Militate In Favor of Early Summary Judgment Resolution

Finally, Plaintiffs will suffer no prejudice if summary judgment proceeds in the usual course—after resolution of the motion to dismiss—rather than on Plaintiffs' accelerated schedule. Plaintiffs challenge these standards more than 14 years after they were promulgated, 13 years after the U.S. Environmental Protection Agency first gave California the greenlight to enforce these standards, and nine years after the relevant standards first applied to California vehicle sales. If it was urgent that the United States pursue preemption claims against these standards, Plaintiffs would not have waited until March 2026 to initiate this action.

Additionally, any claimed exigency is belied by Plaintiffs' conduct in this case. Plaintiffs have knowingly extended the timeline for resolving CARB's motion to dismiss and opening discovery through strategic decisions (like the filing of the First Amended Complaint) and voluntary stipulations. Plaintiffs entered into all those stipulations without conditioning them on swift, pre-discovery summary judgment briefing. Plaintiffs, having contributed to the delay in resolving the pleadings and opening discovery, cannot now claim prejudice in being forced to await their resolution before proceeding with summary judgment.

## CONCLUSION

For the foregoing reasons, CARB respectfully requests that the Court stay all summary judgment proceedings and vacate the hearing date and all briefing deadlines. In the alternative, CARB asks that the deadline for it to oppose the motion for summary judgment be extended to 28 days after the motion to dismiss is resolved.

Dated: August 13, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General



SARAH M. PFANDER
CAITLAN MCLOON
M. ELAINE MECKENSTOCK
Deputy Attorneys General
*Attorneys for Defendants California Air Resources Board and Steven S. Cliff, in his capacity as the Executive Officer of the California Air Resources Board*

LA2026400455