ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General
IAN M. SWENSON
Counsel
Designated Counsel for Service
United States Department of Justice
Energy and Natural Resources Division
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 532-5139
Ian.Swenson@usdoj.gov

ERIC GRANT
United States Attorney
Eastern District of California

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF TRANSPORTATION,

Plaintiffs,

v.

CALIFORNIA AIR RESOURCES BOARD and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,

Defendants.

Civil Action No. 2:26-00847−DJC−SCR

Judge Calabretta

Magistrate Judge Riordan

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO DEFER PLAINTIFFS' SUMMARY JUDGMENT MOTION BY STAYING ALL SUMMARY JUDGMENT PROCEEDINGS, OR IN THE ALTERNATIVE, EXTENDING THE OPPOSITION DEADLINE TO 28 DAYS AFTER THE RESOLUTION OF THE MOTION TO DISMISS**

Trial date: TBD

This is a case about express preemption. Under the Energy Policy and Conservation Act of 1975 (EPCA), the Department of Transportation (DOT) carefully balances technological feasibility, economic practicability, the effects of other federal regulations, and the need to conserve energy to set its Corporate Average Fuel Economy standards, which determine the maximum feasible average fuel economy for all automobiles in the United States. DOT's federal standards must apply nationwide to be effective. Accordingly, Congress expressly preempted all state laws and regulations "related to fuel economy standards or average fuel economy standards for automobiles covered by an average fuel economy standard." 49 U.S.C. § 32919(a).

The California Air Resources Board (CARB) has usurped federal authority and disrupted the careful balance struck by the federal government through parts of its Advanced Clean Cars (ACC I) suite of regulations. ACC I sets limits on tailpipe $CO_2$ emissions, *see* Cal. Code Regs. tit. 13, § 1961.3 (a) and § 1961.3.1 (same), and requires automotive manufacturers to meet Zero Emissions Vehicle mandates, *see* § 1962.2. Because $CO_2$ is an inevitable byproduct of combusting hydrocarbon-based fuels such as gasoline and diesel, there is a direct mathematical relationship between the amount of tailpipe $CO_2$ a motor vehicle emits and the amount of fuel it burns. *See* Ex. A to Pls.' Memo in Support of Summ. J. (Dkt. 43-2) at vii, 6-8, Table 4 (CARB, Comparison of Greenhouse Gas Reductions for The United States and Canada under U.S. CAFE Standards and California Air Resources Board Greenhouse Gas Regulations (Feb. 25, 2008)). Given this relationship between $CO_2$ emissions and fuel consumption, ACC I's limitations on $CO_2$ emissions "force automakers to produce a fleet of vehicles that, as a whole, uses significantly less gasoline and other liquid fuels." *Diamond Alternative Energy, LLC v. Env't Prot. Agency*, 606 U.S. 100, 117 (2025). This relationship between $CO_2$ emissions and fuel consumption also means that ACC I's limitations on $CO_2$ emissions are "related to fuel economy standards" and are expressly preempted by EPCA. 49 U.S.C. § 32919(a).

Because "this case presents a question of express preemption" it "boils down to the interpretation of the statutory provision that allegedly preempts state law." *Air Conditioning*

*& Refrigeration Inst. v. Energy Res. Conservation & Dev. Comm'n*, 410 F.3d 492, 495 (9th Cir. 2005). Resolving whether a state law is expressly preempted "is rarely aided 'by development of a more complete factual record.'" *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 761–62 (9th Cir. 2014) (quoting *Hotel Emps. & Rest. Emps. Int'l Union v. Nev. Gaming Comm'n*, 984 F.2d 1507, 1513 (9th Cir. 1993)). This case is no exception. CARB's limitations on $CO_2$ emissions are "related to fuel economy standards" because they are the equivalent of fuel economy standards, and there can be no genuine dispute that motor vehicles emit $CO_2$ when they combust hydrocarbon fuels and that limitations on $CO_2$ emissions act as limitations on the consumption of fuel. *Diamond Alt. Energy*, 606 U.S. 100 at 117. At the same time, a preempted state law inflicts "irreparable harm" on the United States' sovereign interests. *United States v. Arizona*, 641 F.3d 339, 366 (9th Cir. 2011), *aff'd in part, rev'd in part on other grounds and remanded,* 567 U.S. 387 (2012). Accordingly, the United States moved for summary judgment without need for discovery, and the United States asks the Court to resolve the purely legal question of whether CARB's tailpipe $CO_2$ emissions standards and ZEV Mandate are expressly preempted by EPCA. *See* Dkt. 43.

CARB now seeks an indefinite stay of summary judgment briefing, arguing that it should not have to brief summary judgment until after the Court denies its motion to dismiss and that briefing an opposition to summary judgment would be burdensome. *See* Dkt. 44. CARB's arguments for delaying summary judgment briefing are meritless. The Court should allow summary judgment briefing to proceed.

CARB (at 3-4) argues that it should not have to brief summary judgment because its motion to dismiss argues the United States lacks standing to challenge CARB's intrusion into a sphere of exclusive federal regulation. As explained in the United States' opposition to CARB's motion to dismiss, "[t]he United States always has standing 'when its valid laws in a domain of federal authority are undermined by impermissible state regulations.'" Dkt. 40 at 9 (quoting *United States v. Alabama*, 691 F.3d 1269, 1301 (11th Cir. 2012)). Indeed, in the Ninth Circuit, a preempted state law inflicts "irreparable harm"

on the United States' sovereign interests that supports granting a preliminary injunction. *Arizona*, 641 F.3d at 366. *Accord Daimler Truck N. Am. LLC v. California Air Res. Bd.*, 2025 WL 3049944, at *17 (E.D. Cal. Oct. 31, 2025). Accordingly, courts readily hold the United States has standing to challenge state laws as preempted. *See, e.g.*, *United States v. California*, 2020 WL 8183945, at *3 (E.D. Cal. Feb. 26, 2020).[1] More still, CARB's threat of enforcement and its actual enforcement of ACC I disrupt the federal government's implementation of EPCA. *See* Dkt. 40 at 12-20. And because CARB's standards limit consumer choices, increase the price of motor vehicles, and affect billions of dollars and many jobs that the petroleum refining industry annually contributes to the national economy, they harm the general welfare and give the United States *parens patriae* standing to sue for an injunction. *See id.* at 20-22. In its motion to dismiss, CARB admits, as it must, that it can enforce both the tailpipe $CO_2$ emissions standards and the ZEV Mandate for many years yet, Dkt. 35 at 14, 19, so these harms are ongoing. CARB's meritless motion to dismiss is no reason to delay summary judgment briefing.

CARB (at 4) misrepresents the cases it cites. The Court in *Association of American Railroads v. Randolph*, "grant[ed] Defendants a short extension of time" to oppose summary judgment. Minute Order, No. 2:23-cv-1154 (E.D. Cal. Feb. 14, 2024), Dkt. 47. The Court in *Cavanaugh v. County of San Diego*, 2020 WL 6561363, at *1 (S.D. Cal. Nov. 9, 2020), vacated a deadline for pretrial motions due to a "miscommunication" about available hearing dates for the motion and set a new deadline to allow for the filing of a motion for summary judgment. The Court in *Waters v. Experian Info. Sols., Inc.*, 2012 WL 1965333, at *4 n.2 (S.D. Cal. May 31, 2012) scheduled the hearing of a motion to dismiss before a hearing for a motion for summary judgment; the Court did not stay summary judgment briefing. Only *Silva v. Midland Mortg.*, 2021 WL 4466168, at *1 (C.D. Cal. Sept. 23, 2021) postponed briefing on summary judgment until after the Court resolved a

[1] *See also United States v. Idaho*, 623 F. Supp. 3d 1096, 1107 (D. Idaho 2022); *La Union del Pueblo Entero (LUPE) v. Abbott*, 604 F. Supp. 3d 512, 527 (W.D. Tex. 2022); *KalshiEX LLC v. Johnson*, 2026 WL 1223373, at *3 (D. Ariz. May 5, 2026); *United States v. Nebraska*, 2026 WL 1584862, at *20 (D. Neb. June 3, 2026).

pending motion to dismiss, but that was a fraud case by a *pro se* litigant with 12 claims, not an express preemption case by the federal government that turned on pure questions of law.

CARB acknowledges (at 3-4) that "the federal rules permit early motions for summary judgment" but contends that the best course would be for the Court to delay summary judgment briefing. Not so. Because both the motion to dismiss and the motion for summary judgment present purely legal questions to be resolved by the Court, it would be efficient for the Court to resolve both motions in tandem because the motions present overlapping issues—the injury to the United States sovereignty from ACC I is a basis for the United States' standing and a basis for the United States' irreparable harm requiring a permanent injunction. *See* Dkt. 40 at 9; Dkt. 43-1 at 19-20. The best way to "streamline[] summary judgment briefing," CARB Mot. at 4, would be to decide both the motion to dismiss and the motion for summary judgment at the same time.

CARB (at 4-5) gestures at vague, potential fact disputes and contends that briefing summary judgment in an express preemption case will be "resource intensive." CARB is wrong. Because "this case presents a question of express preemption" it "boils down to the interpretation of the statutory provision that allegedly preempts state law." *Air Conditioning*, 410 F.3d at 495. Although CARB cites *Green Mountain Chrysler Plymouth Dodge Jeep v. Crombie*, 508 F. Supp. 2d 295 (D. Vt. 2007), and *Cent. Valley Chrysler-Jeep, Inc. v. Goldstene*, 529 F. Supp. 2d 1151, 1175 (E.D. Cal. 2007), as examples of prior EPCA preemption cases that involved fact development, ***neither*** case involved the United States asserting sovereign injuries. And, significantly, ***both*** cases found "there is a mathematical relationship between fuel consumption and carbon dioxide emissions." *Green Mountain*, 508 F. Supp. 2d at 342; *see also Cent. Valley*, 529 F. Supp. 2d at 1158 ("[T]he implementation of regulations that require substantial reduction of [$CO_2$] emissions will necessarily require substantial increases in motor vehicle efficiency as measured in miles-per-gallon."). Because EPCA expressly preempts state regulations that are "related to fuel economy standards," 49 U.S.C. § 32919(a), and the direct, mathematical

relationship between reducing tailpipe $CO_2$ emissions and increasing fuel economy is not subject to genuine dispute, this case is fit for summary judgment without discovery.

In truth, the proper vehicle for CARB's argument for additional discovery is in an opposition to the United States motion for summary judgment under Federal Rule of Civil Procedure 56(d). Still, CARB's motion would fail this standard. "To prevail on a request for additional discovery under Rule 56(d), a party must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Midbrook Flowerbulbs Holland B.V. v. Holland Am. Bulb Farms, Inc.*, 874 F.3d 604, 619–20 (9th Cir. 2017). The McCloon declaration refers generally to the need for expert testimony without identifying the specific facts CARB hopes to elicit. *See* Dkt. 44-1 ¶ 21. In all events, none of the expert discovery CARB alludes to would be essential to opposing the United States' motion for summary judgment, which is based on the proper interpretation of EPCA's express preemption provision. Discovery is unnecessary here.

Finally, CARB (at 5) wrongly claims the United States will not suffer prejudice from delaying this suit. In fact, the United States will continue to suffer "irreparable harm" to its sovereign interests each day CARB's preempted regulations remain enforceable. *Arizona*, 641 F.3d at 366; *Daimler*, 2025 WL 3049944, at *17. Until it is enjoined ACC I will also continue to harm the general welfare by increasing the cost of automobiles, limiting consumer choices, and damaging the petroleum refining industry. These harms militate in favor of promptly resolving this case. True, the United States has cooperatively agreed to extend the briefing schedule for the motion to dismiss. *See, e.g.*, Ex. A (March 25, 2026 email proposing complete briefing schedule for Rule 12 motions and summary judgment). The United States has similarly offered to extend the briefing schedule for CARB's opposition to the summary judgment motion. But the United States brought this case to protect its sovereign interests and the general welfare. Indefinitely prolonging CARB's usurpation of federal authority is unwarranted and prejudices the United States.

The Court should deny Defendants' motion to stay.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General

s/ *Ian M. Swenson*

Designated Counsel for Service: IAN M. SWENSON
Counsel
California Bar No. 344260
Energy and Natural Resources Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 532-5139
Ian.Swenson@usdoj.gov

ERIC GRANT
United States Attorney
Eastern District of California

*Attorneys for the Plaintiffs*

OF COUNSEL:

GREGORY ZERZAN
General Counsel
GREGORY COTE
Principal Deputy General Counsel
CHARLES E. ENLOE
Assistant General Counsel
ERIN D. HENDRIXSON
Senior Trial Attorney

PETER SIMSHAUSER
Chief Counsel
DYLAN J. VONEIFF
Trial Attorney
National Highway Traffic Safety Administration