UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA, et al.,

Plaintiffs,

v.

CALIFORNIA AIR RESOURCES BOARD, et al.,

Defendants.

No. 2:26-cv-00847-DJC-SCR

ORDER

Before the Court is a Motion to Intervene (ECF No. 17) filed by American Fuel and Petrochemical Manufacturers ("AFPM"), National Association of Convenience Stores ("NACS") and Energy Marketers of America ("EMA") (collectively the "Proposed Intervenors"). The Motion is fully briefed and taken under submission without oral argument pursuant to Local Rule 230(g). (Mot.; Opp'n (ECF No. 33); Reply (ECF No. 49).) For the reasons below, the Proposed Intervenors' motion is granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), the court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and existing parties to the litigation do not adequately represent the movant's interest.

## DISCUSSION

Proposed Intervenors are (1) an "association of entities that produce and sell gasoline, diesel and other liquid fuels," (AFPM), (2) a "trade association dedicated to advancing the convenience and fuel retailing industry," (NACS), and (3) a federation of trade associations representing "family-owned and operated small business energy marketers across the United States" (EMA). (Mot. at 2.)

Proposed Intervenors move to intervene in this suit as a matter of right under Rule 24(a) of the Federal Rules of Civil Procedure. Courts assess four factors when weighing a motion to intervene under Rule 24(a):

> (1) [T]he application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th Cir. 2001) (citation omitted). These factors are assessed liberally in favor of the movant. *See Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995). Courts take well-pleaded, non-conclusory allegations in a motion to intervene as true, absent sham, frivolity, or other objections. *Sw. Ctr. for Biological Diversity,* 268 F.3d at 820.

Defendants opposing the motion do not dispute that (1) the motion is timely, (2) that Proposed Intervenors have a significantly protectable interest in the subject of the action, or (3) that Proposed Intervenors are situated such that disposing of the matter without their involvement may practically impair their ability to protect their interests. (*See* Opp'n.) Rather, Defendants argue that Proposed Intervenors have not established that their interests are not adequately represented by Plaintiffs the United States and the United States Department of Transportation. (Opp'n at 11.)

Generally, proposed intervenors under Rule 24(a) bear only a "minimal" burden to show that existing parties' representation of their interests "may be" inadequate. *Trbovich v. United Mine Workers of Am.,* 404 U.S. 528, 538 n.10 (1972). When determining adequacy of representation, courts in the Ninth Circuit consider "(1) whether the interest of a present party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2) whether the present party is capable and willing to make such arguments; and (3) whether a proposed intervenor would offer any necessary elements to the proceeding that other parties would neglect." *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003). "When an applicant for intervention and an existing party have the same ultimate objective, a presumption of adequacy of representation arises." *Id.* However, "[w]here the absentee's interest is similar to, but not identical with, that of one of the parties, that normally is not enough to trigger a presumption of adequate representation." *Berger v. N.C. State Conf. of the NAACP*, 597 U.S. 179, 197 (2022) (quotation omitted).

Despite sharing Plaintiffs' ultimate objective in this suit, Proposed Intervenors overcome any resulting presumption of adequacy of representation by demonstrating that their interests are sufficiently distinct from Plaintiffs' such that Plaintiffs may not "undoubtedly" raise all of Proposed Intervenors' arguments in this case, and that Proposed Intervenors may add necessary elements that Plaintiffs may not. Proposed Intervenors note that while Plaintiffs "seek[] to vindicate federal supremacy, preserve the National Highway Traffic Safety Administration's ("NHTSA") authority to administer EPCA, and maintain a uniform national fuel-economy regime," Proposed Intervenors have a narrower interest in "protect[ing] their members' sales of gasoline and other liquid fuels." (Reply at 8.) Thus, while Plaintiffs and Proposed Intervenors may have largely similar interests in this matter, they are not identical. *See Berger,* 597 U.S. 179 at 197. Accordingly, Plaintiffs may not "undoubtedly" raise every argument from Proposed Intervenors. And Proposed Intervenors have demonstrated that they may supply market evidence related to the California Air Resources Board regulations and

requirements at issue which Plaintiffs may not supply. (Reply at 10-13.) Thus, Proposed Intervenors have met their burden to establish that Plaintiffs may not adequately represent their interests in this suit.

Defendants request that if the Court grants Proposed Intervenors' Motion to Intervene, it should limit Proposed Intervenors' participation to prevent them from initiating discovery and to limit their "claims and arguments" to "those claims and issues raised in any operative complaints." (Opp'n at 20.) The Court declines to limit the Proposed Intervenors' participation. *See League of United Latin Am. Citizens v. Wilson,* 131 F.3d 1297, 1304 (9th Cir. 1997) ("as a general rule, intervenors are permitted to litigate fully once admitted to a suit"). In the event that Defendants object to Proposed Intervenors' manner of participation once admitted, Defendants may resolve such objections through the Court's case management procedures.

**CONCLUSION**

In light of the above, the Court finds that Proposed Intervenors meet the requirements for intervention by right under Rule 24(a)(2). Accordingly, Proposed Intervenors' Motion to Intervene (ECF No. 17) is GRANTED. The hearing on this motion set for September 24, 2026 is hereby VACATED.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Daniel J. Calabretta

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – CARB26cv00847.mti_dkt17