UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br>Plaintiffs,<br>v.<br>CALIFORNIA AIR RESOURCES BOARD, et al.,<br>Defendants. | No. 2:26-cv-00847-DJC-SCR<br><br>ORDER |

Before the Court is a Motion to Intervene (ECF No. 45) filed by a group of six proposed youth intervenors (collectively the "Proposed Youth Intervenors"). Proposed Youth Intervenors seek to either intervene as a matter of right pursuant to Rule 24(a)(2) of the Federal Rules of Civil Procedure, or, alternatively, ask for the Court's permission to intervene under Rule 24(b)(1). (*See* Mot.) Plaintiffs oppose intervention by the Proposed Youth Intervenors. (Opp'n (ECF No. 66).) Proposed Youth Intervenors' motion is fully briefed and taken under submission without oral argument pursuant to Local Rule 230(g). (Mot.; Opp'n.) For the reasons below, Proposed Youth Intervenors' motion is denied.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 24(a)(2), the Court must permit anyone to intervene who claims an interest relating to the property or transaction that is the subject of the action, and existing parties to the litigation do not adequately represent the movant's interest. Under Federal Rule of Civil Procedure 24(b) the Court has discretion, upon a timely motion, to permit anyone to intervene who has a claim or defense that shares a common question of law or fact with the action.

## DISCUSSION

Plaintiffs seek injunctive and declaratory relief in this matter based on claims that two of California's Advanced Clean Cars I regulations for light duty vehicles are preempted by the federal Energy Policy and Conservation Act. (FAC (ECF No. 27) at 2, 28.) Proposed Youth Intervenors seek to intervene as defendants in this action. (Mot. at 1.)

### I. Rule 24(a)

Courts assess four factors when weighing a motion to intervene under Rule 24(a):

> (1) [T]he application for intervention must be timely; (2) the applicant must have a "significantly protectable" interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect that interest; and (4) the applicant's interest must not be adequately represented by the existing parties in the lawsuit.

*Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 818 (9th Cir. 2001) (citation omitted). These factors are assessed liberally in favor of the movant. *See Idaho Farm Bureau Fed'n v. Babbitt,* 58 F.3d 1392, 1397 (9th Cir. 1995). Courts take well-pleaded, non-conclusory allegations in a motion to intervene as true, absent sham, frivolity, or other objections. *Sw. Ctr. for Biological Diversity,* 268 F.3d at 820. However, despite Rule 24(a)(2) being construed broadly in favor of intervenors, an "applicant bears the

burden of showing that each of the four elements is met," and "[f]ailure to satisfy any one of the requirements is fatal to the application." *Freedom from Religion Found., Inc. v. Geithner*, 644 F.3d 836, 841 (9th Cir. 2011) (quotation omitted).

On the second "significantly protectable interest" prong, Proposed Youth Intervenors assert an interest in this matter based on a wide range of state and federal constitutional rights, as well as rights under common law public trust doctrines, that they assert are threatened by ongoing climate change. (*See* Mot. at 7-11.) Additionally, Proposed Youth Intervenors assert an interest in a settlement agreement with the state of Hawaii regarding that state's emissions standards, to which one of the six Proposed Youth Intervenors is a party. (Mot. at 3.) Plaintiffs object that Proposed Youth Intervenors' purported constitutional and common law interests in this case are too attenuated from the case's core legal questions of preemption to support intervention as a matter of right. (*See* Opp'n at 3-4.) Plaintiffs also assert that a preemption challenge to two California regulations is similarly too far removed from any interest Proposed Youth Intervenors may have in a settlement agreement with the state of Hawaii regarding Hawaii's commitments to lowering emissions. (Opp'n at 7-8.) Without expressing any view on the merits of Proposed Youth Intervenors' interests, arguments or claims, the Court finds that Proposed Youth Intervenors' range of asserted interests is "several degrees removed from . . . the backbone of this litigation." *U.S. v. Alisal Water Corp.,* 370 F.3d 915, 920 (9th Cir. 2004). Therefore, the Court finds that Proposed Youth Intervenors have not met their burden to establish that their interests are sufficiently closely related to the subject matter of this litigation to support intervention by right under Rule 24(a)(2). As Proposed Youth Intervenors bear the burden of showing every intervention-by-right factor is met, *see Freedom from Religion Found.,* 644 F.3d at 841, the Court needs not consider the remaining factors and denies intervention by right under Rule 24(a)(2) on this basis.

**II. Rule 24(b)**

In the Ninth Circuit, "permissive intervention requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action." *Freedom from Religion Found.,* 644 F.3d at 843. However, "the independent jurisdictional grounds requirement does not apply to proposed intervenors in federal-question cases when the proposed intervenor is not raising new claims." *Id.* at 844. When weighing a motion for permissive intervention, courts are required to "consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Perry v. Proposition 8 Off. Proponents*, 587 F.3d 947, 955 (9th Cir. 2009); Fed R. Civ. P. 24(b)(3).

Proposed Youth Intervenors are not raising new claims (despite their myriad new arguments), and Plaintiffs do not dispute that the motion is timely. (*See* Mot.; Opp'n.) However, because Proposed Youth Intervenors seek to dramatically expand the scope of this suit and would thereby vastly increase the likely discovery and motion practice burdens on existing parties and threaten the efficient resolution of the case, the Court finds that allowing permissive intervention would unduly delay and prejudice the adjudication of the original parties' rights. *See* Fed R. Civ. P. 24(b)(3). Thus, the Court uses its broad discretion to deny Proposed Youth Intervenors' Rule 24(b) request for permission to intervene. In doing so, however, the Court notes that Proposed Youth Intervenors may adequately protect their interests and contribute to the resolution of the case through amicus briefing. *See Shoshone-Bannock Tribes of Fort Hall Rsrv. v. U.S. Dep't of Interior,* No. cv 10-040E-BLW, 2010 WL 3173108 at *1 (D. Idaho Aug. 10, 2010).

////

////

////

////

## CONCLUSION

In light of the above, Proposed Youth Intervenors' Motion to Intervene (ECF No. 45) is DENIED. The hearing on this motion set for September 24, 2026 is hereby VACATED.

IT IS SO ORDERED.

Dated: **September 18, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC9 – CARB26cv00847.mti_dkt45