ROB BONTA, State Bar No. 202668
Attorney General of California
MYUNG J. PARK, State Bar No. 210866
Supervising Deputy Attorney General
BENJAMIN P. LEMPERT, STATE BAR NO. 344239
CAITLAN MCLOON, State Bar No. 302798
M. ELAINE MECKENSTOCK, State Bar No. 268861
MARGARET V. TIDES, State Bar No. 311177
SARAH M. PFANDER, State Bar No. 347902
Deputy Attorneys General
300 S. Spring Street, Suite 1702
Los Angeles, CA 90013
Telephone: (213) 269-6621
E-mail: Sarah.pfander@doj.ca.gov
*Attorneys for Defendants California Air Resources Board and Steven S. Cliff, in his capacity as the Executive Officer of the California Air Resources Board*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF TRANSPORTATION,**<br><br>Plaintiffs,<br><br>**v.**<br><br>**CALIFORNIA AIR RESOURCES BOARD and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,**<br><br>Defendants. | 2:26-cv-00847-DJC-SCR<br><br>**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING *UNITED STATES V. MICHIGAN***<br><br>Judge: Hon. Daniel J. Calabretta<br><br>Trial Date: TBD<br>Action Filed: March 12, 2026 |

Pursuant to Civil Local Rule 230(m)(2), Defendants respectfully submit this Notice of Supplemental Authority.

On October 7, 2026, the United States District Court for the Western District of Michigan issued an order in *United States v. Michigan*, No. 1:26-cv-246, a true and correct copy of which is attached here as **Exhibit A**. In this lawsuit, the United States challenges provisions of Michigan's Animal Husbandry Industry Act as preempted by the federal Egg Product Inspection Act (EPIA). In its order, the court granted a motion to dismiss the United States' complaint for lack of standing, finding that the United States had not established an injury in fact. Of note, the court rejected the United States' theory of per se injury in preemption challenges as divorced from the requirements of Article III. The court distinguished cases like *Arizona v. United States*, 567 U.S. 387 (2012) because, in those cases, the United States identified "concrete, particularized injuries resulting from Arizona's immigration laws." *See* Exhibit A at p. 9. The court found that the United States failed to establish an injury to its sovereignty because the United States failed to plead non-conclusory allegations as to how Michigan's enforcement of its law undermines the United States' ability to enforce the EPIA. The court concluded:

> At bottom, Plaintiff's theory of standing is that it suffers an injury in fact whenever a state enforces a law that conflicts with federal law, even if the state's enforcement does not interfere with Plaintiff's own efforts to enforce federal law. But, as explained above, the mere existence of a state law that is preempted—and therefore invalid—does not itself injure Plaintiff. Nor does Michigan's enforcement of [state law], without more, establish a concrete and particularized injury to Plaintiff's enforcement of EPIA.

*Id.* at p. 11.

Cognizant of Local Rule 230(m)(2)'s prohibition against additional argument in a notice of supplemental authority, Defendants simply note that the analysis and holding in *United States v. Michigan* is directly relevant to the arguments raised in

Defendants' Motion to Dismiss, Dkt. 35, and Reply in Support of the Motion to Dismiss, Dkt. 64.

Dated: October 12, 2026

ROB BONTA
Attorney General of California
MYUNG J. PARK
Supervising Deputy Attorney General

/s/ Sarah Pfander
SARAH PFANDER
Deputy Attorney General
*Attorneys for Defendants California Air Resources Board and Steven S. Cliff, in his capacity as the Executive Officer of the California Air Resources Board*