ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General
IAN M. SWENSON
Senior Counsel
Designated Counsel for Service
United States Department of Justice
Energy and Natural Resources Division
950 Pennsylvania Ave., NW
Washington, DC 20530
(202) 532-5139
Ian.Swenson@usdoj.gov

ERIC GRANT
United States Attorney
Eastern District of California

*Counsel for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA and UNITED STATES DEPARTMENT OF TRANSPORTATION,<br><br>Plaintiffs,<br><br>AMERICAN FUEL & PETROCHEMICAL MANUFACTURERS, NATIONAL ASSOCIATION OF CONVENIENCE STORES, AND ENERGY MARKETERS OF AMERICA,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>CALIFORNIA AIR RESOURCES BOARD and STEVEN S. CLIFF, in his official capacity as the Executive Officer of the California Air Resources Board,<br><br>Defendants. | Civil Action No. 2:26-00847−DJC−SCR<br><br>Judge Calabretta<br><br>Magistrate Judge Riordan<br><br>**PLAINTIFFS' AND PLAINTIFF-INTERVENORS' MOTION FOR ADMINISTRATIVE RELIEF TO SET BRIEFING SCHEDULE FOR SUMMARY JUDGMENT**<br><br>Trial date: TBD |

Under Local Rule 233 and pursuant to the Court's September 24, 2026 request, Plaintiffs, the United States of America and the United States Department of Transportation, and Plaintiff-Intervenors, American Fuel & Petrochemical Manufacturers, National Association of Convenience Stores, and Energy Marketers of America, respectfully request that the Court enter a briefing schedule for the United States' pending Motion for Summary Judgment (Dkt. 43) and Plaintiff-Intervenors' forthcoming Motion for Summary Judgment. At Defendants' request, the Court ordered "a brief stay" of further proceedings on the United States' Motion for Summary Judgment. Dkt. 60. In accordance with the Court's request during the September 24, 2026 hearing on Defendants' motion to dismiss, *see* Ex. A (Hrg. Tr.) at 19, the Parties met and conferred about lifting the stay and resuming summary judgment briefing on October 7, 2026. Defendants oppose lifting the stay and setting a briefing schedule. The United States and Plaintiff-Intervenors now ask the Court to lift the stay and enter the briefing schedule provided below.

On August 12, 2026, the United States moved for summary judgment on both counts of its Complaint. Dkt. 43. As the United States explained, the Energy Policy and Conservation Act of 1975 (EPCA) vests the Department of Transportation with the exclusive authority to set automobile fuel economy standards, and EPCA expressly preempts all state laws and regulations "related to fuel economy standards or average fuel economy standards for automobiles covered by an average fuel economy standard." 49 U.S.C. § 32919(a). *See also* Dkt. 43-1 at 1-10. Parts of the California Air Resources Board's (CARB) Advanced Clean Cars (ACC I) suite of regulations set limits on tailpipe $CO_2$ emissions, *see* Cal. Code Regs. tit. 13, § 1961.3 (a) and § 1961.3.1, and require automotive manufacturers to meet Zero Emissions Vehicle (ZEV) mandates, *see* § 1962.2. The direct mathematical relationship between $CO_2$ emissions and fuel consumption means that these ACC I provisions are "related to fuel economy standards" and are expressly preempted by EPCA. 49 U.S.C. § 32919(a). Accordingly, the United States moved for summary judgment without discovery, asking the Court to resolve the legal questions of whether EPCA expressly preempts CARB's tailpipe $CO_2$ emissions

standards and ZEV Mandate.

Two weeks later, the Court granted CARB's motion to stay proceedings on the United States' motion for summary judgment. Dkt. 60. The Court found that a "brief stay in these proceedings would not result in significant hardship to" the United States and that addressing Defendants' arguments that the United States lacks standing before addressing the parties' merits arguments would be in the interest of judicial efficiency. *Id.* On September 24, 2026, the Court held a hearing on Defendants' Motion to Dismiss the United States' First Amended Complaint. Dkt. 71. At that hearing, the Court stated that "at least" Count I (which challenges the tailpipe $CO_2$ emissions standards) would "go forward." Tr. at 18. The Court then addressed the stay of the United States' motion for summary judgment and asked the parties "to meet and confer" "on a briefing schedule for the MSJ or possible cross-motion for MSJ." Tr. at 18-19. The Court closed by noting its full docket and that it could not "promise a quick ruling" on Defendants' motion to dismiss. *Id.* at 19.

On October 7, all parties met and conferred by video conference about a schedule for the United States' pending Motion for Summary Judgment and a schedule for Plaintiff-Intervenors' forthcoming Motion for Summary Judgment. The United States and Plaintiff-Intervenors proposed entering a consolidated briefing schedule for the United States' motion for summary judgment and Plaintiff-Intervenors' forthcoming motion for summary judgment. Contrary to the Court's September 24 suggestion, Defendants indicated they would oppose any attempt to brief summary judgment motions before the Court issues an order resolving Defendants' pending motion to dismiss. Defendants additionally stated they would request 60 days from when Plaintiff-Intervenors move for summary judgment to oppose that motion, to oppose the United States' motion for summary judgment, and to cross-move for summary judgment.

Because the parties could not reach agreement on a briefing schedule, the United States and Plaintiff-Intervenors propose the Court enter following schedule:

- Deadline for Plaintiff-Intervenors to move for summary judgment: December 4, 2026.
- Deadline for Defendants to cross-move for summary judgment and oppose the United States' and Plaintiff-Intervenors' motions for summary judgment: February 8, 2027.
- Deadline for Plaintiff-Intervenors to file a reply and opposition: March 10, 2027.
- Deadline for the United States to file a reply and opposition: March 10, 2027.
- Deadline for Defendants to file replies: March 24, 2027.

This proposed schedule provides Defendants with 65 days to cross-move for summary judgment and oppose the United States' and Plaintiff-Intervenors' motions for summary judgment—which is more time than Defendants requested—in light of the end-of-year holidays.

Entering a briefing schedule for motions for summary judgment is in "the interests of judicial efficiency and the orderly course of justice." Dkt. 60. The Court has made clear that "at least" Count I of the United States' Amended Complaint will "go forward." Tr. at 18. That claim turns on the Court's interpretation of EPCA's express preemption provision, which is a question of law fit for resolution on summary judgment without discovery. *See ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 761–62 (9th Cir. 2014). In the parties' October 7 meet and confer, CARB suggested that briefing its opposition to summary judgment on the ZEV mandate before the Court issues a written order resolving the motion to dismiss would be burdensome. But the arguments for why the ZEV mandate relates to fuel economy overlap with the arguments for why the tailpipe $CO_2$ emissions standards relate to fuel economy. *See* Dkt. 43-1 at 10. Thus, any additional burden of briefing the merits of the ZEV claim would be *de minimis*. And CARB's arguments for why the United States lacks standing to challenge the ZEV mandate rest on evidence outside the Amended Complaint that would only be properly presented to the

Court on a motion for summary judgment. *See* Tr. at 5, 18-19. So, if anything, briefing summary judgment now would be in the interest of judicial efficiency because that is the procedurally proper mechanism for CARB to make its factual arguments about standing—though those factual argument would still fail at summary judgment because, as the Court has said, the United States suffers "a per se injury if the regulation[] [is] still in effect." Tr. at 6.

In contrast, the United States "necessarily" suffers "irreparable harm" each day California is allowed "to enforce a law" that "is invalid, ab initio, under the Supremacy Clause." *United States v. California*, --- F.4th ----, ----, 2026 WL 3071018, at *8 (9th Cir. Oct. 14, 2026). Until it is enjoined, ACC I also continues to harm Plaintiff-Intervenors' members and the general welfare by increasing the cost of automobiles, limiting consumer choices, and decreasing demand for liquid fuels. *See* Dkt. 27 (Am. Compl.) ¶¶ 7-14. These harms militate in favor of promptly resolving this case. Although the Court found before the Motion to Dismiss Hearing that a "brief stay" would not "result in significant hardship" to the United States, Dkt. 60, now that the Court has made clear that "at least" Count I will survive the motion to dismiss, indefinitely prolonging CARB's usurpation of federal authority is unwarranted and prejudices the United States and Plaintiff-Intervenors, Tr. at 18. *See also* Tr. at 19 ("I can't promise you a quick ruling on this . . . .")

While Plaintiff-Intervenors could move for summary judgment at any time, it would make little sense to have parallel summary judgment proceedings in this case. Both the United States' pending motion and Plaintiff-Intervenors' forthcoming motion challenge the tailpipe $CO_2$ emissions standards and the ZEV mandate as preempted by EPCA. Because of the overlap of legal issues in these motions, the most efficient path forward for the Court would be to address both motions for summary judgment—and any cross-motions CARB may file—on the same schedule. The Court should lift the stay on the United States' motion for summary judgment, enter the United States' and Plaintiff-Intervenors' proposed schedule, and allow this case to proceed.

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
ROBERT N. STANDER
Deputy Assistant Attorney General

/s/ Ian M. Swenson

Designated Counsel for Service: IAN M. SWENSON
Senior Counsel
California Bar No. 344260
Energy and Natural Resources Division
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
(202) 532-5139
Ian.Swenson@usdoj.gov

ERIC GRANT
United States Attorney
Eastern District of California

*Attorneys for the Plaintiffs*

/s/ Daniel J. Feith

Daniel J. Feith (*pro hac vice*)
Justin A. Savage (*pro hac vice*)
dfeith@sidley.com
jsavage@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Telephone: +1 202 736 8000
Facsimile: +1 202 736 8711

Maureen Gorsen (SBN 170158)
Brooklyn Hildebrandt (SBN 350707)
mgorsen@sidley.com
bhildebrandt@sidley.com
SIDLEY AUSTIN LLP
350 S. Grand Avenue
Los Angeles, CA 90071
Telephone: +1 213 896 6000
Facsimile: +1 213 896 6600